# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                   CRIM. NO. 14-20187

    v.                                         HON. TERRENCE G. BERG

CHARLES LAMONT BELL,

    Defendant.

_____/

## ORDER DENYING GOVERNMENT'S
## MOTION FOR STAY (DKT. 26)

Defendant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant argues that the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated part of the Armed Career Criminal Act's (ACCA) definition of the term "crime of violence," also invalidates Defendant's sentence for felon in possession of a firearm because the sentencing guidelines use similar language.

Defendant claims that his guidelines sentence must be vacated because it depends on the same "residual clause" definition of a "crime of violence" that the *Johnson* court found to be unconstitutionally vague

in 18 U.S.C. § 924(e). The Supreme Court has agreed to decide an appeal which is expected to resolve the issue of whether the *Johnson's* invalidation of the residual clause in the ACCA applies to the sentencing guidelines' residual clause. *See Beckles v. United States*, 616 Fed. App'x. 415 (11th Cir. Sept. 29, 2015), cert granted, 2016 WL 1029080 (June 27, 2016). Recently, the Sixth Circuit was presented with a request to file a successive § 2255 petition in which the petitioner sought to raise a *Johnson* challenge to the calculation of his sentence under the guidelines. *See In re: Embry*, 831 F.3d 377 (6th Cir. 2016). The Sixth Circuit granted the motion to file a successive petition, transferred the case to the district court, and advised the district court to "hold the matter in abeyance" pending the Supreme Court's decision in *Beckles*.

In this case, the Government requests that any action on Defendant's petition should be stayed pending the Supreme Court's decision in *Beckles*. The *Beckles* case is an appeal from an Eleventh Circuit decision holding that *Johnson* does not control cases in which a person is classified as a career offender under the guidelines. The Supreme Court granted certiorari on the following issues: (1) whether

*Johnson* applies retroactively to collateral challenges to federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.

As noted above, in the *Embry* case the Sixth Circuit has suggested that collateral challenges to the Guidelines' residual clause under *Johnson* should be held in abeyance pending the Supreme Court's decision in *Beckles*. *See Embry*; *see also In re: Patrick*, ___ F.3d ___, 2016 WL 4254929 (6th Cir. Aug. 12, 2016). In *Embry*, the Sixth Circuit explained that the proper course is for the district courts to stay *Johnson* motions because, "[a]fter the Supreme Court [in *Beckles*] decides some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently." *Embry*, 831 F.3d at 382. This much is true. However,

3

*Embry* did not directly address the situation where a successful *Johnson* challenge might cause a defendant to become eligible for release *prior to* the Supreme Court's anticipated decision in *Beckles*, as opposed to the situation where, even if successful, a challenger's recalculated sentence would still not expire until after the Supreme Court resolved the issue. It cannot be predicted when the Supreme Court's ruling in the *Beckles* case will be issued, but it is possible that no decision will be released until the end of the Court's term in late June or early July 2017.

For this latter class of defendants (those whose prison terms, even if reduced, would extend beyond the end of the Supreme Court's term), the Federal Defender's Office has stipulated in such cases pending before this Court to stay consideration of any § 2255 motion until after *Beckles* is decided.[1] That approach makes sense for those cases. This case, however, presents the situation where delaying a decision on the petition until after *Beckles* is decided could cause Defendant to serve

---

[1] *See United States v. Massey* (EDMI Case No. 13-20250); *United States v. Jackson* (EDMI Case No. 13-20429; *United States v. Mitchell* (EDMI Case No 13-20468*); United States v. Smith* (EDMI Case No. 13-20620); *United States v. Burrage* (EDMI Case No. 14-20189); *United States v. Beaman* (EDMI Case No. 14-20410).

more time in prison than the maximum allowed (if Defendant's legal argument is correct).

It is possible that no guidance from the Supreme Court will be forthcoming for six months, or more. Should the decision go in favor of Mr. Beckles, it is possible that by the time the decision comes out, Defendant in this case may well have overstayed the lawful term of his sentence. Effectively, Defendant would have been unlawfully deprived of his liberty for the convenience of the Court and the Government. Of course, if this Court were to act more rapidly and reach a result that caused Defendant's release based on a legal justification later rejected by the Supreme Court, Defendant would be freed without completing his entire sentence – arguably imposing a cost on society.

On balance, however, the harm of unconstitutional deprivation of liberty outweighs the costs and inconvenience that would arise if the Government should prevail in *Beckles*, and it becomes necessary for Defendant to return to prison to complete the balance of his original sentence. The public's interest in the original sentence may be protected, and the Government have a remedy, by seeking to amend the commitment and judgment order to re-impose the original sentence,

should that become necessary. But if the Defendant is held in prison longer than the Constitution as properly applied should allow, there is no adequate remedy. This is particularly true because the law in our circuit is, for the time being, settled. In *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit "join[ed] the majority of [its] sister circuits" in holding that *Johnson's* void-for-vagueness rationale **applied to the Sentencing Guidelines**. "The principal legal argument against applying *Johnson* to the Guidelines is not that their meanings are distinguishable but that the Guidelines are advisory, as opposed to 'statutes fixing sentences.'" *Id.* at 905 (quoting *Johnson*, 135 S. Ct. at 2557). Notwithstanding the guidelines' advisory status, *Pawlak* reasoned that the guidelines are sufficiently enmeshed in sentencing practice as to be subject to vagueness challenges. *See id.* (discussing *Peugh v. United States*, 133 S. Ct. 2072 (2013)).

But for purposes of deciding this motion for a stay, the only question is whether it would be appropriate to delay the proceedings while we wait for guidance from the Supreme Court. It may be uncertain whether this matter will ultimately be resolved swiftly enough to make a material difference, but it is certain that the equities

weigh heavily against intentionally putting off the decision merely for the sake of efficiency.

Therefore, for the reasons set forth above, the Government's motion to stay this matter is **DENIED**. The Government is hereby ordered to respond on the merits to Defendant's § 2255 motion within 14 days of the date of this Order.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 19, 2017, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager